# La Fayette Fire Ins. Company of New Orleans v. Mullins et al.

(Decided May 22, 1934.)

HORACE W. ROOT for appellant.
EMILE RIVARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On March 26, 1928, the La Fayette Fire Insurance Company of New Orleans issued to D. D. Mullins and Sadie Mullins a policy insuring their house against loss by fire in the sum of $1,000. In August, 1931, the property was totally destroyed by fire. Relying on these facts, and the further fact that they had been paid $800

on account of the loss, the insured brought this suit to recover $200, the balance due on the policy. In defense the company pleaded the following facts: On July 26, 1927, the London & Provincial Marine & Fire Insurance Company of London, England, issued a $4,000 policy on the same property. After the fire the insured and insurers agreed that between the issuance of the policies and the fire there was a depreciation of $998, thus making a total loss of $4,000 for which $3,200 was apportioned to the London & Provincial Marine & Fire Insurance Company and $800 to the defendant. Thereafter the defendant paid the $800, which was accepted by the insured in full settlement of all claims and demands under the policy. A demurrer was sustained to the answer, and the defendant having declined to plead further, judgment was rendered in favor of the insured for $200 with interest and costs. The case is before us on motion for an appeal.

The same policies were involved, and the precise question now presented was before us, in the case of London & Provincial Marine & Fire Insurance Company v. Mullins, 253 Ky. 411, 69 S. W. (2d) 735. After extended discussion we held that, where the percentage of depreciation in the value of the property insured from the date of the policy to the date of total loss by fire was fixed by agreement between the insured and the insurer and co-insurer, the insurer in paying the loss was entitled under ''Valued Policy'' statute, Kentucky Statutes, sec. 762a-22, to deduct its pro rata share of the depreciation from the face value of the policy. It follows that the answer presented a defense, and that the demurrer thereto was improperly sustained.

Wherefore, the appeal is granted, and the judgment is reversed and cause remanded, with directions to overrule the demurrer to the answer, and for other proceedings not inconsistent with this opinion.